IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-231 |
| JOSEPH LAFORTE | : | |

**DEFENDANT JOSEPH LAFORTE'S MEMORANDUM
IN OPPOSITION TO PRETRIAL DETENTION**

Joseph LaForte, a 49 year-old Pennsylvania resident, has no passport and has never been convicted of a violent crime. On July 23, 2020, federal agents carrying out a search for evidence of financial crimes at the residence Mr. LaForte shares with his wife discovered a number of firearms, which Mr. LaForte's wife purchased, legally, after she was robbed at knife-point at her place of business.[1] Citing felony convictions more than a decade ago, the government charged Mr. LaForte with a violation of 18 U.S.C. § 922(g); it has now moved for pretrial detention.

To carry its motion, the government must establish at "a hearing, 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Traitz*, 807 F.2d 322, 324 (3d Cir. 1986) (quoting 18 U.S.C. § 3142(e)). For the reasons explained below, the government cannot meet its burden here.

---

[1] Mrs. LaForte is licensed to carry firearms in the State of Pennsylvania.

Mirroring the recommendations of Pretrial Services, the defense has proposed a substantial bail package backed by a secured bond. Mr. LaForte would be released to home detention, with location monitoring, at his residence at ▮▮▮▮▮▮▮▮▮▮ in Haverford, Pennsylvania. His bond would be secured by $1.5 million of equity in real property belonging to friends and relatives. The properties in question are as follows:

1. The residence of Mr. LaForte's cousins, ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2. The residence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3. The residence of other cousins of Mr. LaForte, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and

4. The residence of LaForte's friends, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Considering Mr. LaForte's ties to the community, and the non-violent nature of the charged offense – which carries a presumptive guidelines range of less (and, perhaps, far less) than five years – these conditions provide more than ample assurance of the community's safety and Mr. LaForte's attendance in court.

The prosecution's arguments to the contrary are weak and unconvincing. At the outset, the government's characterization of § 922(g) as a violent crime directly contravenes the law of this Circuit. *See* Gov't Mem. at p.7. In *United States v. Bowers*, 432 F.3d 518 (3d Cir. 2005), the Third Circuit joined four of its sister circuits in holding "that the crime of felon in possession is not a crime of violence" for purposes of the

Bail Reform Act. *Id.* at 520. In light of *Bowers*, the prosecutors' suggestion that Congress singled out § 922(g) defendants for detention disregards the law of this Circuit.

The government's "dangerousness" rhetoric – including its assertions of "lethal potential" and a "continuing threat against society" (Gov't Mem. at 8) – are likewise incompatible with the single charge lodged against Mr. LaForte. The guns underlying the charges here were, after all, safely stored in the childless home that Mr. LaForte shares with his wife of many years. There is, moreover, *no allegation* that Mr. LaForte *has ever* used a firearm against another person or in connection with a criminal offense.[2] *See Bowers*, 432 F.3d at 521 (observing that "possession of a firearm can occur in an array of non-violent circumstances"); *United States v. Lane*, 252 F.3d 905, 906 (7th Cir. 2001) ("ex-felons have the same motives as lawful possessors of firearms to possess a firearm—self-defense, hunting, gun collecting, and target practice"). Mr. LaForte is, at worst, a non-violent offender; the guns allegedly discovered in his residence did not transform him into a "present threat" to the safety of his community. Gov't Mem. at 8.

The government's position is legally and factually untenable. As such, it has failed to make the requisite showing by "clear and convincing evidence" that Mr. LaForte's release presents a danger to the community. *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986).

---

[2] Mr. LaForte vigorously denies making the statements attributed to him on pages 12-13 of the government's submission. The fact that Mr. LaForte has not been charged with extortion despite a "long-term" investigation into his business practices (Gov't Mem. 2), suggests that the government itself places little credence in the so-called "witness" accounts.

The government's attempt to paint Mr. LaForte as a flight risk relies on a series of leaps from fact to fiction. While, for instance, there is no disputing that the SEC has filed an enforcement action against the LaFortes and a business they are involved in, one struggles to imagine how that action – which is civil in nature – demonstrates that Mr. LaForte presents an unmitigatable flight risk. Gov't Mem. at 9. The SEC's allegations are the subject of an ongoing, hotly contested litigation where the LaFortes maintain they have done nothing wrong.

Even if that were not the case, defendants facing charges of financial malfeasance regularly obtain pretrial release. The case for releasing Mr. LaForte is particularly compelling because, as the government acknowledges, much of Mr. LaForte's wealth is subject to a temporary restraining order in the SEC action. *See* Gov't Mem. at 9-10. Mr. LaForte thus has every incentive to remain in the country and contest the SEC's lawsuit. It is also significant that Mr. LaForte possesses no passport and has never traveled abroad.

For the foregoing reasons, Mr. LaForte is entitled to pretrial release under § 3142. It is also worth noting that he suffers from asthma and would therefore be at elevated risk of suffering severe illness or death if he were infected with the highly contagious

coronavirus while in pretrial detention.[3] The risk to Mr. Laforte's health and well-being is yet another factor weighing in favor of pretrial release in this matter.

Dated: Port Washington, New York
August 10, 2020

Respectfully submitted,

/s/
JAMES R. FROCCARO, JR.
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
(516) 944-5062 (phone)
(516) 944-5066 (fax)
jrfesq61@aol.com

MICHAEL J. ENGLE
BUCHANAN INGERSOLL ROONEY
50 S. 15th Street, Ste. 3200
Philadelphia, Pa 19102
(212) 665-5308
Michael.engle@bipc.com
*Attorneys for Defendant Joseph LaForte*

---

[3] The defense has provided the government with a letter confirming Mr. LaForte's ongoing asthma treatment.