1IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATED OF AMERICA** | : | |
| | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | **NO. 20-231** |
| **JOSEPH LAFORTE** | | |

## ORDER

**AND NOW**, this __28th__ day of August, 2020, upon consideration of the Government's unopposed Motion for a Protective Order (ECF No. 14), **IT IS HEREBY ORDERED AND DECREED** that the Government's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. Defendant Joseph LaForte, who is presently incarcerated at the Philadelphia Federal Detention Center ("FDC"), shall be permitted to review any subsequent discovery, Jencks Act, Fed. R. Civ. P. 26.2, Brady/Giglio material and any other disclosed materials in this case outside of the presence of his counsel.

2. The Government shall provide the FDC with a computer compact disc containing discovery, Jencks Act, Fed. R. Civ. P. 26.2, Brady/Giglio material, and any other disclosed materials in this case. The Defendant shall be permitted to view the contents of the computer compact disc on a FDC computer provided that the FDC computer does not have access to a printer, a copier, the internet, email, or any other means of dissemination. The Defendant is prohibited from printing, emailing, or otherwise disseminating the material from the computer compact disc or otherwise sharing or displaying the material with third parties.

3. Additionally, the FDC shall permit and/or limit the Defendant to reviewing the discovery material contained on the computer compact disc in any manner necessary to comply with established FDC guidelines, procedures, and protocols necessary for the proper maintenance, safety, and order of the FDC. The FDC shall, at all times, maintain custody and control over the computer compact disc and shall not permit the Defendant to retain the materials within his respective housing area. This Order does not prohibit counsel from showing these materials to the Defendant and discussing these materials at meetings with the Defendant or from reading or discussing these materials in telephone conversations with the Defendant.

4. This Order also does not prohibit counsel from showing these materials to, providing copies of these materials to, or discussing the contents of the materials with experts or investigators who are a part of the Defendant's defense team in this case. However, any expert, investigator, or member of the defense team that is provided access to these materials is bound by the prohibitions of this Order in the same manner as defense counsel and is prohibited from any further copying or dissemination of the materials to a third party unless granted permission to do so by subsequent Order of this Court.

5. Defendant's counsel and defense team are prohibited from providing a physical or electronic copy of any disclosed materials to third parties, or to counsel for third parties, or providing their substance to third parties in writing or summary. Defendant's counsel and defense team are prohibited from providing physical copies of discovery to the Defendant.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

---

**Hon. Petrese B. Tucker, U.S.D.J.**